# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

v.                                CRIMINAL ACTION NO. 2:10-cr-00207-01

ROGER L. ATKINSON, II,

               Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Count Three of Indictment [Docket 34]. The Government responded to the motion, (Docket 44), and Defendant replied, (Docket 62).  On February 1, 2011, the Court held a pretrial motions hearing, and oral argument was heard.  This motion is ripe for adjudication.[1]

Defendant is charged in a three-count indictment, which was returned on November 17, 2010.  Defendant moved to dismiss Count Three of the Indictment, which charges him with aiding and abetting the passing a Federal Reserve Note in violation of 18 U.S.C. §§ 2 and 472.  Defendant argues that Count Three should be dismissed because it "fails to state an offense in that it does not allege that the defendants *willfully* caused the second known person to pass a counterfeited Federal Reserve Note."  (Docket 34 (emphasis in original).)

---

[1] For reasons more fully stated on the record at the hearing, Defendant's Motion to Sever [Docket 30], Defendant's Motion for Additional Discovery [Docket 32], and Defendant's Motion for Favorable Evidence [Docket 33] are **DENIED** as **MOOT**.

A defendant "enters upon an arduous course when he moves to dismiss an indictment." *United States v. ReBrook*, 837 F. Supp. 162, 166 (S.D. W. Va. 1993) (Haden, J.). The defendant's burden is to demonstrate that the indictment fails to satisfy the requirements of the Federal Rules of Criminal Procedure or violates rights secured by the Fifth and Sixth Amendments. An indictment may be sufficient under Rule 7 so long as it contains "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Cr. P. 7(c)(1). The indictment will pass constitutional muster "if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Talebnejad*, 460 F.3d 563, 571 (4th Cir. 2006) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). The omission of an essential element is fatal to the indictment, as the Court is therefore without jurisdiction to try the defendant on the defective count. *United States v. Hooker*, 841 F.2d 1225, 1231-32 (4th Cir. 1988).

Count Three of the Indictment provides in pertinent part:

> [D]efendants . . . aided and abetted by each other and persons known and unknown to the Grand Jury, with intent to defraud, did cause Known Person Two to pass and utter a falsely made and counterfeited obligation of the United States, that is, a falsely made and counterfeited fifty dollar Federal Reserve Note. In violation of Title 18, United States Code, Sections 472 and 2.

(Docket 2 at 4.) 18 U.S.C. § 2 consists of two subsections; the Government indicated that its theory of the case involves subsection (b), which states: "Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against this United States, is punishable as a principal." Thus, the Government's theory is that Defendant "willfully caused" Known Person Two to violate Section 472. Defendant argues that Count Three fails because "willfully," or a

similar mens rea, is not included, and therefore, an element of the offense is missing.  The Government counters that this mens rea is not needed because Section 2 does not need to be specifically charged.

The Government can convict under 18 U.S.C. § 2, either with subsection (a) or (b), even if that section was not specifically charged.  *United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003).  Section 2 "is implicit in all indictments."  *Id.* (quoting *United States v. Dodd*, 43 F.3d 759, 762 n.5 (1st Cir. 1995); *accord United States v. Gerhart*, 275 F. Supp. 443, 454-55 (S.D. W. Va. 1967).  "[Section 2] is not a statutory enactment of a criminal offense," it is a restatement of a "well accepted principle of criminal law" that principals as well as those who aid and abet can be guilty of an offense against the United States.  *Gerhart*, 275 F. Supp at 455.  Therefore, it was not necessary for the Government to include "willfully" from subsection (b) in the Indictment.

Additionally, the Fourth Circuit has held that even without the term "willfully," an indictment can be sufficient to charge a violation of subsection (b).  *United States v. Salliey*, 360 F.2d 699, 701 (4th Cir. 1966).  "Where willfulness of knowledge is made an element of the crime, the statutory requirement is not to be ignored.  The charge (in the indictment) must either include these terms, or words of similar import."  *Id.* (quoting *Finn v. United States*, 256 F.2d 304, 306 (4th Cir. 1958)).  In *Salliey*, the mens rea used in the indictment was "unlawful and fraudulent intent," which was "a sufficient allegation that [defendants] willfully caused it."  *Salliey*, 360 F.2d at 701.

In the instant case, Count Three of the Indictment provides the mens rea element for the offense as "intent to defraud."  (Docket 2 at 4.)  The inclusion a fraudulent intent within Count Three is almost identical to the one used in *Salliey*.  Therefore, even if the Government is required

to use the elements of 18 U.S.C. § 2 in an indictment, the intent that was used in Count Three was sufficient to put Defendant on notice that he "willfully" caused another to violate Section 472.

For the reasons set forth above, Defendant's Motion to Dismiss Count Three of Indictment [Docket 34] is **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        February 7, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

4